UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY AARON, #275291,

        Petitioner,

v.                                                                                          CASE NO. 2:11-CV-11147
                                                          HONORABLE VICTORIA A. ROBERTS

DEBRA SCUTT,

        Respondent.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR RECONSIDERATION OR REHEARING

Michigan prisoner Jeffrey Aaron ("Petitioner") has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 and/or for reconsideration or rehearing under Federal Rule of Civil Procedure 60 concerning the Court's denial of his petition for a writ of habeas corpus, denial of a certificate of appealability, and denial of leave to proceed *in forma pauperis* on appeal.

Petitioner's motion must be denied. To the extent that he seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e), he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The Court properly addressed and denied relief on Petitioner's habeas claims concerning a perceived violation of the Interstate Agreement on Detainers Act ("IAD") and Michigan's "180-Day Rule," the adequacy of the criminal investigation, the effectiveness of trial and

appellate counsel, the sufficiency of the evidence, and the conduct of the prosecutor. The Court also properly denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Additionally, to the extent that Petitioner seeks to challenge the validity of his sentence in his motion, he is not entitled to relief. He raised no such claim in his habeas petition and has not exhausted the issue in the state courts. He cannot raise the issue for the first time on reconsideration or rehearing before this Court. Moreover, the state court's decision to impose consecutive sentences, within the statutory limits, is not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).[1]

Lastly, Petitioner is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b). Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an

---

[1] The Court notes that the Judgment of Sentence reflects that Petitioner's sentences are consecutive. The Court erroneously stated in its opinion that the sentences were concurrent. This typographical error, however, does not concern the issues presented nor impact the Court's decision to deny habeas relief.

earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Petitioner has made no such showing. He has not established that the Court erred in denying habeas relief or that extraordinary circumstances warrant relief from judgment. Accordingly, the Court **DENIES** Petitioner's motion. This case remains closed.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 13, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Jeffrey Aaron by electronic means or U.S. Mail on January 13, 2014.

S/Carol A. Pinegar
Deputy Clerk